UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIELL FLORES-BETANCO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX ICE DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-08906-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO APPOINT COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On October 29, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order, a motion to proceed *in forma pauperis*, and a motion to appoint counsel. (Doc. Nos. 2, 3, 4.) On October 30, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In addition, respondent was directed to state any opposition it has to the court's stated intention to rule on the underlying petition based upon the

current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

On November 2, 2026, respondent filed a combined opposition to petitioner's motion for temporary restraining order and petition for writ of *habeas corpus*. (Doc. No. 8.) Respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) but is only entitled to a bond hearing due to petitioner's arrest for child endangerment and assault with a firearm. (*Id.* at 1–2.) Respondent, however, does not argue or explain how these factual assertions distinguish this case from those cited in the court's minute order (Doc. No. 6). (Doc. No. 8 at 1–2). Respondent also does not object to the court deciding the petition based upon the briefing presently before it, and the court will do so.

Based on the briefing, the court finds the following facts. Petitioner was initially detained by immigration authorities on or about December 8, 2021 and was thereafter released and granted deferred action. (Doc. Nos. 1 at 12; 8 at 1, 3; 8-1 at 2.) Petitioner was arrested by the United States Parks Police ("USPP") on October 10, 2026 for child endangerment. (Doc. No. 8-1 at 3.) That same day, petitioner was "encountered" by ICE while in the custody of USPP. (*Id.* at 2.) The unauthenticated I-213 attached to respondent's opposition suggests that ICE re-detained petitioner pursuant to a warrant but no such warrant is attached to respondent's opposition. (*Id.*) In any event, it appears that petitioner was not provided notice or a hearing regarding the reason for his re-detention.

In light of petitioner's prior release by immigration authorities, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release. Further, the court incorporates and adopts the reasoning set forth in *Moran v. Andrews*, No. 1:26-cv-04891-DAD-AC, 2026 WL 1893581, at *2 (E.D. Cal. June 30, 2026), where, as here, the respondents provided no evidence or argument that quick action by ICE was a necessity such that petitioner could not have been provided a pre-deprivation hearing after he was released by local authorities.

Based on the foregoing, the court concludes that petitioner's re-detention absent pre-deprivation notice and an opportunity to be heard violated due process.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Antoniell Flores-Betanco, A-File No. 220-911-251, from respondent's custody on the conditions, if any, he was subject to prior to his re-detention;
   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motions for a temporary restraining order (Doc. No. 3) and for appointment of counsel (Doc. No. 4) are hereby DENIED as having been rendered moot by this order granting petitioner's *habeas* petition on the merits;
4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex ICE Detention Facility; and
5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 4, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE